OPINION
{¶ 1} Defendant-appellant Trent Stevens appeals his conviction and subsequent sexual predator classification following a jury verdict of guilt on one count of unlawful sexual conduct with a minor in the Morgan County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 22, 2004 appellant was indicted on one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(B)(3). The matter proceeded to a jury trial. The evidence at trial demonstrated:
 {¶ 3} On December 15, 2002, appellant attended a cookout at his brother's house. Cylinda Tom, a thirteen year-old girl, and her mother also attended the cookout. At some point in the evening, appellant left the cookout with Cylinda, eventually going to a hotel where they engaged in sexual intercourse. As a result of the encounter, Cylinda became pregnant with appellant's child.
 {¶ 4} Cylinda testified at trial she never told appellant her age; nor, did she act or dress like a typical thirteen year-old girl. She also testified she smoked, consumed alcohol, and drove a car.
 {¶ 5} Appellant had witnessed Cylinda driving on several occasions.
 {¶ 6} Cylinda's mother testified she took her to a bar, and the bartender would serve her. According to Cylinda's mother, Cylinda was not a typical 13 year-old girl, and she dressed provocatively and acted more mature than someone her age.
 {¶ 7} Following the presentation of evidence, the jury found appellant guilty as charged. The trial court imposed a five-year prison sentence. Appellant now appeals, assigning as error:
 {¶ 8} "I. THE PROSECUTOR COMMITTED MISCONDUCT DURING VOIR DIRE.
 {¶ 9} "II. THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
 {¶ 10} "III. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 11} "IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT CLEAR AND CONVINCING EVIDENCE SUPPORTING SUCH A FINDING."
 I, II. {¶ 12} We note, appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 13} Appellant maintains the prosecutor in the within action committed misconduct during voir dire. Specifically, appellant cites the following exchange:
 {¶ 14} "Mr. Howdyshell: Thank you your Honor. You have heard all the questions that were asked up to this point. I am not going to go through the list of legal qualifications again but have you heard those and is there is any reason that either one of you could not legally serve on this jury. Lets just kind of get right into it then. You, you heard the questions that I have asked and the questions Mr. Baumgartel has asked and do you understand that this case involves a man and a woman having sex. The allegation is the man was 26 and the girl was 13. Can you accept that as being (inaudible) law in the State of Ohio.
 {¶ 15} "Jurors: Yes, sir.
 {¶ 16} "Mr. Howdyshell: And Mr. Baumgartel asks if it would be different if she were 16 or 17. Would it be different for you Mr. Depuy.
 {¶ 17} "Mr. Depuy: Depends on the child.
 {¶ 18} "Mr. Howdyshell: Depends on the child, and how do you pronounce your last name?
 {¶ 19} "Mr. Depuy: Depuy.
 {¶ 20} "Mr. Howdyshell: Mr. Depuy would it be different for you?
 {¶ 21} " Mr. Depuy: Yeah.
 {¶ 22} "Mr. Howdyshell: And if the Judge tells you the law is if your 16, it's still a non permissible activity will you accept that?
 {¶ 23} "Mr. Depuy: Yeah.
 {¶ 24} "Mr. Howdyshell: If your 17 and there's a significant age difference, the law says 4 years age difference. Will you still accept that?
 {¶ 25} "Mr. Depuy: Yeah.
 {¶ 26} "Mr. Howdyshell: What's your hesitation Mr. Depuy?
 {¶ 27} "Mr. Depuy: Well generally the age difference is a matter of living the life style then once you've seen.
 {¶ 28} "Mr. Howdyshell: What I am hearing from you and you tell me if I am wrong, is it depends maybe it's okay for some people and not okay for others, is that what your saying?
 {¶ 29} "Mr. Depuy: No, not really. It's not okay.
 {¶ 30} "Mr. Howdyshell: Well does it mean that if let's use names. Cylinda Tom she's the young lady in this case. If she was older or she looks older, behaves you know older, behaves in a loose way that makes a difference to you?
 {¶ 31} "Mr. Depuy: Well not really but.
 {¶ 32} "Mr. Howdyshell: Because the law is it's against the law. Can you accept that?
 {¶ 33} "Mr. Depuy: Yeah.
 {¶ 34} "Mr. Howdyshell: Now it's my burden one I readily accept to prove to you that one the sexual activity, sexual, the law says sexual conduct in this case it's sexual conduct between a 13 year old and a 26 year old and that there's no allegations of course this is not a rape case, it's consensual sex, but this sex is prohibited by the State of Ohio. If I prove to you that even if Trent Stevens did not know how old Cylinda Tom was he was reckless in that regard. The Judge will define reckless for you which is just basically to prove that he disregarded her age. Do you accept that? Do you understand this is very important that the person on trial here is Trent Stevens, it is not Cylinda Tom. Do you understand that and can you make that decision. Regardless of whether you like Cylinda Tom or not can you judge this case on its facts. Can you do that?
 {¶ 35} "* * *
 {¶ 36} "Mr. Howdyshell: You have heard my questions concerning the law of the State and the accusations against Mr. Stevens, do you accept or can you accept that it is illegal for a 26 year old man to have sexual intercourse with a 13 year old girl?"
 {¶ 37} Appellant argues the prosecutor clearly misstated the law. The sole charge against appellant was a violation of R.C. 2907.04, unlawful sexual conduct with a minor. The statute provides in pertinent part:
 {¶ 38} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 39} Appellant maintains his sexual conduct with the alleged victim is only illegal if he knew she was younger than sixteen or is reckless in that regard. Appellant argues the prosecutor's statements inferring such conduct is illegal even if the alleged victim were sixteen or seventeen is a blatant misstatement of the law.
 {¶ 40} Appellant's trial counsel failed to object to the prosecutor's statements; therefore, appellant has waived all but plain error. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804; Crim. R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long, supra. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 41} Further, appellant asserts he was denied the effective assistance of trial counsel due to counsel's failure to object to the aforementioned prosecutorial statements.
 {¶ 42} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, 555 N.E.2d 293, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial.Darden v. Wainwright (1986), 477 U.S. 168, 106 S.Ct. 2464,91 L.Ed.2d 144.
 {¶ 43} The test for ineffective assistance of counsel is set forth inState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish the following:
 {¶ 44} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. ( State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
"3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 45} Following the presentation of evidence, the trial court provided the jury with the following instruction:
 {¶ 46} "Now it is not necessary for the defendant to take the witness stand in his own defense. He has a constitutional right not to testify and the fact that the defendant did not testify must not be considered for any purpose. In this case the defendant is charged with unlawful conduct with a minor. Before you can find the defendant guilty you must find beyond a reasonable doubt that on or between November 1, 2002 and December 31, 2002 and in Morgan County, Ohio the defendant being 18 years of age or older engaged in sexual conduct with another who was not the spouse of the defendant and the defendant knew that she was 13 years of age or older but less than 16 years of age or the defendant was reckless in that regard. Sexual conduct means vagina intercourse between a male and a female. Penetration however slight is sufficient to complete vaginal intercourse. Vagina intercourse means penetration of the penis into the vagina. Spouse means a person married to an offender at the time of the alleged offense. Now a person acts knowingly regarding [sic] of his purpose when he is aware that his conduct will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. Since you can not look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts of [sic] circumstances whether they are existent at the time of [sic] the mind of the defendant. An awareness of the probability that Cylinda Tom was less than 16 years of age at the time he had sexual intercourse with her. A person acts recklessly when with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain nature. A person is reckless with respect to circumstances when with heedless indifference to the consequences he perversely disregards a known risk and such circumstances are likely to exist. Risk means significant possibility as contrasted with remote possibility that certain circumstances may exist."
 {¶ 47} Tr. at 245-246.
 {¶ 48} Assuming, arguendo, the prosecutor's statements during voir dire were improper, in light of the trial court's final instructions to the jury, which are presumed to be followed, we conclude the prosecutor's comments did not prejudicially affect appellant's substantial rights and the result of the trial would not have been different. Accordingly, appellant's first and second assignments of error are overruled.
 III. {¶ 49} Appellant's third assignment of error alleges the jury verdict was against the manifest weight of the evidence.
 {¶ 50} The Ohio Supreme Court, in the case of C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, held that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."Id.
 {¶ 51} "In determining whether a trial court's decision was against the manifest weight of the evidence, a court of appeals must presume that the findings of the trier of fact were correct. The rationale of giving deference to the findings of the trial court rests on the proposition that the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the proffered testimony. Therefore, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence."
 {¶ 52} Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v. Thompkins (1997), 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated by State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610, 616, 1993-Ohio-9,614 N.E.2d 742, rehearing denied by (1993), 67 Ohio St.3d 1439,617 N.E.2d 688.
 {¶ 53} Again, appellant was charged with one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, which reads:
 {¶ 54} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 55} Section 2901.22 defines "recklessness" as:
 {¶ 56} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 57} Appellant asserts he was not reckless with regard to the age of the alleged victim as he had reasonable cause to believe she was at least sixteen years old.
 {¶ 58} The evidence presented at trial demonstrates appellant had a personal history with the victim's family, particularly her mother. Further, the hotel proprietor on duty the night of the incident testified she observed appellant and Cylinda checking into the hotel. She testified appellant lied on the registration card, and the young girl with him looked "12, 13, or 14" years of age, "like a child".
 {¶ 59} Upon review, there is competent, credible evidence supporting the jury's finding appellant acted recklessly with regard to the age of Cylinda Tom. We do not find the jury lost its way, and the conviction is not against the manifest weight of the evidence.
 {¶ 60} The third assignment of error is overruled.
 IV. {¶ 61} In his final assignment of error, appellant maintains the trial court erred in classifying him a sexual predator without clear and convincing evidence in support thereof. Specifically, appellant argues the trial court lacked evidence with regard to his likelihood to reoffend.
 {¶ 62} R.C. 2950.09 states:
 {¶ 63} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 64} "(a) The offender's or delinquent child's age;
 {¶ 65} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 66} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 67} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 68} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 69} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 70} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 71} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 72} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 73} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 74} We acknowledge we have already found, supra, the jury's verdict finding appellant either knew or was reckless in not knowing Ms. Tom's age was not against the manifest weight of evidence. While preying on a child may be a sufficient factor, standing alone, to support a sexual predator finding, such factor is mitigated in this case due to the victim's appearance and behavior. Despite her actual age, in her manners of behavior and physical appearance, Cylinda portrayed herself, apparently with her mother's approval if not outright encouragement, to be much older. This is not the typical breach of a trusting relationship which we find in many sexual predator classifications we review.
 {¶ 75} Despite appellant's lengthy past criminal history as both a juvenile and adult, we note none of those offenses were sexually oriented. While such history demonstrates a general distain for the law and a likelihood to commit another criminal offense in the future, the fact remains the subject offense was the first one of a sexually oriented nature. The evidence demonstrated appellant engaged in sexual intercourse with Cylinda on one occasion. The evidence further demonstrates the encounter was consensual and without brutality. We find the evidence fails to establish by clear and convincing evidence appellant is likely to engage in the future in one or more sexually oriented offenses. Accordingly, we sustain appellant's fourth assignment of error.
 {¶ 76} For the reasons set forth above, appellant's conviction on one count of unlawful sexual conduct with a minor is affirmed, and the trial court's classification of appellant as a sexual predator is reversed.
By: Hoffman, J. Gwin, P.J. concur, Edwards, J. concurs in part and dissents in part